UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

vs.

**D-1 STEVEN MINELLA,**

Defendant.

_____/

No. 15-CR-20378

HON. BERNARD A. FRIEDMAN

OFFENSE: 18 U.S.C. § 4

STATUTORY MAXIMUM PENALTIES:
Up to 3 years in prison
Up to $250,000 fine
Up to 1 year of Supervised Release

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Steven Minella and the government agree as follows:

1. **GUILTY PLEA**

   A. **Count of Conviction**

   The defendant will enter a plea of guilty to Count 1 of the Information, which charges him with misprision of a felony, in violation of 18 U.S.C. § 4, and for which the penalty is a maximum of up to three years imprisonment, a maximum fine of up to $250,000, a special assessment of $100, and up to one year of supervised release.

B. **Elements of Offense**

The elements of a violation of Title 18, United States Code, Section 4, misprision of a felony, that the government would need to prove beyond a reasonable doubt at trial are:

(1) A felony cognizable by a Court of the United States was committed by someone other than the defendant;

(2) the defendant had actual knowledge of that fact;

(3) the defendant failed to notify the authorities; and

(4) the defendant took an affirmative step to conceal the commission of the crime.

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for the defendant's guilty plea:

From 2008 through the fall of 2012, the defendant was employed by Operating Engineers Local 324, International Union of Operating Engineers. Operating Engineers Local 324 is a labor organization that represents individuals operating heavy equipment in Michigan. While working for the labor union, the defendant served as a business agent and the President of the union. In 2012, the headquarters of Operating Engineers Local 324 was located in Bloomfield

Township, Michigan.

While employed by Operating Engineers Local 324, the defendant worked for *Union Official A*, who was an elected official of the union. *Union Official A* maintained and controlled a fund (the *"Election Fund"*) whose purported purpose was to pay for expenses associated with the re-election of *Union Official A* and other union officials associated with *Union Official A* to office in Operating Engineers Local 324.

Between 2003 and 2012, *Union Official A* forced business agents and other employees of Operating Engineers Local 324 to pay $100 per week from their salary, for a total of $5,200 per year, into the *Election Fund*. *Union Official A* threatened and made it known to employees of Operating Engineers Local 324 that they would be fired from their jobs if they refused to make the weekly payments into the *Election Fund*. During the course of this criminal activity, *Union Official A* caused at least two employees of the union to be fired because they complained about the weekly $100 payments to the *Election Fund*. The actions of *Union Official A* in connection with the *Election Fund* and in connection with forcing union employees to pay thousands of dollars from their salary into the *Election Fund* over the course of more than ten years affected interstate commerce.

While employed by Operating Engineers Local 324, the defendant was

aware of *Union Official A's* criminal activity in connection with the *Election Fund*, and *Union Official A's* threats to union employees. However, between 2008 and 2012, the defendant did not report any of the criminal activity of *Union Official A* to law enforcement authorities.

2. **SENTENCING GUIDELINES**

   A. **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B. **Agreed Guideline Range**

   There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **10 to 16 months**, as set forth on the attached worksheets. If the Court finds:

   a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

   b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **10 to 16 months**,

the higher guideline range becomes the agreed range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position in this Court contrary to any position of that party reflected on the worksheets or worksheet addendum, except as necessary to the Court's determination regarding subsections a) and b), above.

3.  **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

   A.  **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

   B.  **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in

this case is **1 year**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C. Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D. Fine

There is no agreement as to fines.

### E. Restitution

The Court shall order restitution to every identifiable victim of defendant's offense and all other relevant conduct. The parties will jointly recommend to the Court that the defendant be ordered to pay $38,000 in restitution.

### 4. OTHER CHARGES

If the Court accepts this agreement, the government will not bring any charges against the defendant relating to the circumstances of this offense.

5. **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the guideline range recommended by the government in Paragraph 2B. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise the defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the guideline range recommended by the government.

6. **WAIVER OF APPEAL**

The defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the guideline range recommended by the government in Paragraph 2B of this agreement, the defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

7. **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If

additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 8. PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 9. SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been

explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

10. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on September 2, 2015**. The

government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

_____
MARK CHUTKOW
ASSISTANT UNITED STATES ATTORNEY
CHIEF, PUBLIC CORRUPTION UNIT

_____
DAVID A. GARDEY
ASSISTANT UNITED STATES ATTORNEY

_____
DAWN N. ISON
ASSISTANT UNITED STATES ATTORNEY

DATE: 9-2-15

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

_____        _____
BRIAN LEGGHIO                                                STEVEN MINELLA
ATTORNEY FOR DEFENDANT                          DEFENDANT

DATE: 9-2-15